UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GENERATION MINISTRIES, INC.,            Case No. 08-13869

    Debtor,                                  Honorable John Corbett O'Meara

_____/

v.

SAMUEL D. SWEET, Chapter 7 Trustee,

    Appellant,

v.

SILVERMAN & MORRIS, P.L.L.C.,

    Appellee.
_____/

**ORDER DENYING APPELLANT'S APPEAL AND
AFFIRMING BANKRUPTCY COURT'S ORDER**

This matter came before the court on appellant Samuel D. Sweet's October 15, 2008 appeal of the bankruptcy court's fee award issued in its June 27, 2008 opinion. Appellee law firm Silverman & Morris filed its brief October 31, 2008. No oral argument was heard.

**BACKGROUND FACTS**

This bankruptcy action was filed by Generation Ministries, Inc., a Michigan non-profit corporation, that filed a voluntary Chapter 11 petition. Appellee law firm Silverman & Morris filed the petition on behalf of the debtor and represented it in connection with all aspects of the case. Although the law firm prepared and filed a plan of reorganization on behalf of the debtor, the debtor

failed to obtain confirmation of the plan; and the debtor consented to the conversion of its case to a case under Chapter 7.  Appellant Samuel Sweet was appointed Chapter 7 trustee.

The law firm filed a fee application seeking allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330.  The trustee objected to the application; however, following a hearing, the bankruptcy court approved all but $2,100 of the compensation sought by the law firm.  The trustee filed a motion for consideration, and the bankruptcy court denied the motion.  The trustee subsequently filed this appeal.

## **LAW AND ANALYSIS**

A district court reviews a factual determination made by a bankruptcy court to decide whether the determination was clearly erroneous.  In re Perlin, 30 F.3d 39, 40 (6th Cir. 1994).

In this case the trustee objects to the bankruptcy court's determination that the law firm was entitled to fees pursuant to 11 U.S.C. § 330(a).  However, the bankruptcy court recited the legal standards found in the statute and concluded there was no basis to deny the law firm's application.  In fact, the bankruptcy court disallowed over $2000 in requested fees and explained its decision in doing so, thereby showing that it was aware of the legal standard prescribed in §330 and applied it.

The record supports the bankruptcy court's findings.  The bankruptcy judge had been involved in the case from its outset and had an understanding of the facts of the case as well as the possibilities available to the debtor for it to successfully reorganize.  The trustee, on the other hand, presented no evidence at the hearing to refute the law firm's representations.  Therefore, the determination of the bankruptcy court was not clearly erroneous; and the bankruptcy court did not abuse its discretion in allowing compensation to the law firm.

**ORDER**

It is hereby **ORDERED** that the determination of the bankruptcy court is **AFFIRMED** and that this appeal is **DISMISSED.**

s/John Corbett O'Meara<br>United States District Judge

Date:  December 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 30, 2008, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager